IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

OCT 23 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

JERRY LEWIS THOMAS,           )
                              )
              Petitioner,     )
                              )
vs.                           )   No. CIV-08-790-W
                              )
JUSTIN JONES, Director of ODOC, )
                              )
              Respondent.     )

## ORDER

On September 22, 2008, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court deny the relief requested by petitioner Jerry Lewis Thomas in both his Petition for Writ of Habeas Corpus ("Petition") and his Motion for Judgment. Thomas was advised of his right to object, and the matter now comes before the Court on Thomas' Objection to Report and Recommendation.

Thomas checked out a "white-out" pen from the law library at James Crabtree Correctional Center, used the pen and left the library, without returning it and without retrieving his identification card.[1] The pen was found in Thomas' possession, and after a prison disciplinary hearing, he was found guilty of the unauthorized use of state or public property. A fine in the amount of $5.00 was imposed, and Thomas lost sixty (60) earned credits. Thereafter, he unsuccessfully sought administrative and judicial review of his

---

[1] See Offender Misconduct Appeal Form at 2 ("The reporting officer indicates in her written report on 08-13-07, while closing down the law library she noticed a liquid pen of white out was missing. Inmate Thomas . . . had failed to turn it back in. She states she saw Lt. Hodgson on the yard and asked him to shake down . . . Thomas to see if he still had the white out because . . . [she] still had his ID in . . . [her] office.").

misconduct conviction. E.g., Thomas v. Oklahoma Department of Corrections, No. CJ-2008-985 (Okla. District Court March 20, 2008); Thomas v. Oklahoma Department of Corrections, No. REC 2008-0346 (Okla. Crim. July 10, 2008).

In the instant action, Thomas has complained that the prison officials lacked sufficient evidence for the misconduct conviction and that the Honorable Noma D. Gurich, District Judge for the District Court of Oklahoma County, Oklahoma, engaged in an "ex parte communication" with counsel for the Oklahoma Department of Corrections ("DOC") during the judicial review proceedings. Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of Thomas' Petition and Motion for Judgment and finds Thomas is not entitled to the relief he has requested.

Prisoners may not be deprived of earned credits without the minimal safeguards provided by the due process clause of the fourteenth amendment to the United States Constitution. E.g., Wolff v. McDonnell, 418 U.S. 539 (1974). In this connection, due process requires that the revocation of such credits for a prison disciplinary offense be supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). In determining "whether there is any evidence in the record that could support the conclusion reached by [prison officials] . . . ," id. at 455-56, the Court "does not . . . examin[e] . . . the entire record, independent[ly] assess[ ] . . . the credibility of witnesses, or weigh[ ] . . . the evidence." Id. at 455.

Thomas admitted that he removed the pen from the law library, and it is undisputed that it was found shortly thereafter in Thomas' possession. Because a decision-maker could reasonably infer that Thomas intentionally removed the pen from the law library, "some evidence" does exist to support the prison officials' decision. The revocation of

2

Thomas' earned credits does not therefore violate due process, even though the evidence upon which the prison officials relied "might be characterized [in this instance] as meager." 472 U.S. at 457.

The "ex parte communication" about which Thomas has complained is DOC counsel's submission of a proposed order to Judge Gurich. Oklahoma law permits the ex parte submission of proposed orders in certain circumstances, see Rule 11(D), Rules of the Seventh Judicial District, and counsel's compliance with this procedural requirement did not deprive Thomas of his right to due process as he has contended.

The Court likewise finds no merit to Thomas' Motion for Judgment wherein he has sought judgment on his due process claim on the grounds that respondent Justin Jones did not address this claim in his response to Thomas' Petition. The record belies this assertion.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 12] issued on September 22, 2008;

(2) DENIES Thomas' Motion for Judgment [Doc. 11] file-stamped August 25, 2008;

(3) DENIES Thomas' Petition [Doc. 1] file-stamped July 29, 2008; and

(4) ORDERS judgment to issue forthwith in favor of respondent Jones.

ENTERED this 23rd day of October, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE